**Frank C. GIBB and Lorraine E. Gibb, Plaintiffs-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.**

**No. 73-2241.**

United States Court of Appeals, Sixth Circuit.

Submitted June 7, 1974.

Decided Aug. 21, 1974.

Joseph C. Cizmadia, Columbus, Ohio, on brief, for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Gary R. Allen, John G. Manning, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief, for defendant-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and GRAY,* District Judge.

PER CURIAM.

Taxpayers in this case appeal from the Tax Court's determination of tax deficiencies in income taxes for the years 1967 through 1969. The Tax Court's opinion is reported at ¶ 73, 161 P–H Mem. TC. Taxpayers are husband and wife who filed joint returns for the years in question.

Ms. Gibb, a Ph.D. in physiological chemistry, was appointed in 1966 to a position as a research assistant to the Ohio State University Research Foundation to do research in vision. It is appellant's contention that certain amounts of her income were received by her as a postdoctoral fellowship subject to exclusion under Section 117(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 117(a) (1970).

The Tax Court found that Ms. Gibb received over $10,000 in salary and fringe benefits in the years in question and excluded $300 each month on the ground that that sum represented a

---

* Honorable Frank Gray, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation.

postdoctoral fellowship. The opinion also noted that she was expected to devote her full time to her contractual commitment with the Research Foundation, she was expected to submit the results of her research and make them available to the scientific public, the amount paid her was unusually large for a fellowship and that the Ohio State University gave her all the fringe benefits normally associated with employment as a "regular" employee. The Tax Court opinion concluded "we think it clear that petitioner was being paid to work and not to study."

We find the findings of fact of the Tax Court not clearly erroneous and agree with the conclusions of law set forth therein. Bingler v. Johnson, 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969). The judgment of the Tax Court is affirmed.